Mr. Richard A. Weiss Director, Department of Finance Administration P.O. Box 3278 Little Rock, AR 72203-3278
Dear Mr. Weiss:
This is in response to your request for an opinion on the following question:
 May an agency of the State make the award of a service contract contingent upon receipt of capital funding from the awardee to supplement the agency's funds for capital improvement?
This question is asked in light of a particular Request for Proposal for cellular phone service issued by Arkansas State University.
RESPONSE
I cannot give a definitive answer to this question. It is my opinion that the answer to this question likely turns on the facts of each case and whether the essential underlying principles of competitive bidding are followed. It should be recognized that there are no Arkansas appellate court decisions addressing this specific issue. Nor has my research disclosed any helpful judicial authority from other jurisdictions. The question thus remains to be conclusively decided by the courts.
The solicitation of proposals through a "request for proposals" falls within A.C.A. § 19-11-230 (Repl. 1998), which defines "competitive sealed proposals" and sets forth the procedure for awarding contracts under this method of procurement. In accordance with subsection (f) of § 19-11-230, under this method the award is to be made:
 . . . to the responsible offeror whose proposal is determined in writing to be the most advantageous to the state, taking into consideration price and the evaluation factors set forth in the request for proposals. No other factors or criteria shall be used in the evaluation.
Clearly, price is not the sole determining factor. Yet there is no guidance with respect to the "evaluation factors" contemplated under this provision. It might be contended that capital funding by offerors is properly included as an "evaluation factor." Yet it could be argued that this is untenable in light of § 19-11-230's primary purpose, i.e., securing fair and reasonable prices through competition. See A.C.A. §19-11-230(e)(3) (emphasis added) (providing that discussions with responsible offerors need not be conducted "[w]here it can be clearly demonstrated and documented from the existence of adequate competition
. . . that acceptance of an initial offer without discussion would result in fair and reasonable prices. . . .")
If capital funding is part of the selection criteria under a request for proposals ("RFP"), then one might reasonably question what effect this will have on the element of competition. It has been stated, generally, that:
 [t]he terms and conditions upon which bids may be asked are subject to the limitation that they must not be such as to prevent or restrict full and free competition, for just in proportion as competition is restricted, and the award of a public contract is hedged about with express or implied conditions by which favored persons on favored classes are insured preferences over others of equal ability and capacity, public rights are imperiled and public interests are sacrificed.
64 Am. Jur. 2d Public Works and Contracts § 92 (1972).
The questions thus arise: Will there be an opportunity for "full and free competition" in the award of the service contract if the award is contingent upon the agency's receipt of capital funding? Is it not self-evident that the contract award might be influenced by the capital contribution or donation rather than by the merits of the proposal?
I can certainly understand the desirability of obtaining capital funding to supplement an agency's funds for capital improvements. And clearly, the acceptance of gifts and donations is not precluded by the Arkansas Purchasing Law. See A.C.A. § 19-11-207(b). But it also seems clear that to the extent an RFP requests or requires what in essence amounts to a donation to the agency, it can undermine the principles of competitive bidding. Accord Op. Att'y Gen. Okl. (1998 WL 718309). It is for this reason that I must conclude that in some cases capital funding would not be a proper factor to be used when awarding a service contract through competitive sealed proposals.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh